Carroll,
Feb. 3, 1942. } No. 3305.

RAYMOND W. BROOKS, *Adm'r v.* VIRGIL E. NASON.

*Cooper, Hall & Grimes (Mr. Cooper* orally), for the plaintiff.

*Rolland R. Rasquin,* for the defendant.

ALLEN, C. J.   The excluded evidence was offered to meet the defence of contributory negligence.   In the colloquy between court and counsel its admission was distinctly urged on that ground.   The statute (P. L., *c.* 328, *s.* 13) provides that such "negligence on the part of the plaintiff shall be a defense, and the burden of proving the same shall be upon the defendant."   It follows that in introducing evidence of the defendant's fault, the plaintiff was under no requirement to show the decedent's freedom from fault, and he was entitled as a matter of right to defend against the claim of the decedent's fault after evidence in support of the claim was presented by the defendant.   The defence of such fault is affirmative, and the plaintiff

in the introduction of evidence of the defendant's fault was under no obligation to anticipate the evidence of contributory negligence and to undertake to meet it before it was in the case. While the trial court has wide latitude of discretion in directing the course and order of the trial, the direction may not be exercised by a requirement that evidence in disproof of a substantive issue be presented before the evidence in support of the issue is presented. The requirement is contrary to fairness of trial and logical process, and, in respect to contributory negligence, contrary to the implied demand of the statute. A party should have no burden to meet an issue on which the opposing party must prevail before the evidence in support of the issue is introduced.

In the nature of things it often happens that evidence of an affirmative defence is brought out in a plaintiff's presentation of his evidence. In an accident case the plaintiff must show how it happened, and either in direct or in cross-examination, evidence of contributory negligence may be produced and at times may not be avoided. The plaintiff's conduct may bear on the character of the defendant's, and evidence to prove the defendant's causative fault may depend upon the manner in which the plaintiff acted. It is conceivable that a case may be properly submitted to a jury with the issue of contributory negligence included when the defendant introduces no evidence. But the general burden of proof on the issue is not changed, and the fact that the evidence for the plaintiff may contain some evidence of his fault does not deprive him of the right to defend against evidence on the issue later presented by the defendant, subject to the rule against repetition of the same evidence, and subject to the trial court's discretion to require that a witness be fully questioned by both plaintiff and defendant without suspension.

Rebuttal evidence usually relates to issues necessary to be established in the plaintiff's favor to entitle him to a verdict. When, as here, it is offered to meet a claim of defence which the defendant must successfully maintain by a balance of probabilities, it is to be treated in the same manner as evidence presented by the defendant in meeting that of the plaintiff's evidence in chief. Being a branch not of the plaintiff's, but of the defendant's case, it is especially entitled to admission. It is in "strict" rebuttal, in its purpose to combat a claim newly advanced by the defendant. Discretion to exclude it, except in avoidance of repetition of, or to require continuity of, a witness' testimony, does not exist. The authorities cited by the defendant are not pertinent to affirmative defences.

While variation from the "usual order for introducing topics of evidence and witnesses" can do harm "only where it tends to confuse the jury, or where it misleads the opponent or finds him unprepared to meet it" (Wigmore Ev. (1st *ed.*), *s.* 1867), it must be harmful to require evidence in defeat of an issue to be presented before all the evidence in support of the issue is submitted.

Even as to ordinary situations, ". . . there are many possible questions on the elements of the case which the government must prove, concerning which it may rest on general presumptions until specific evidence is introduced tending to show that this is an exceptional case. . . . Trials would be made even more unnecessarily long than they are if all possible defences of this sort [of insanity] had to be met in advance without waiting to see whether they are set up." *Commonwealth* v. *Chance*, 174 Mass. 245, 250. "The rule regulating the order of proof is a rule of practice intended to promote the orderly and expeditious trial of cases and to prevent surprise of an adversary." *Souza* v. *Company*, 49 R. I. 430, 433.

In the case here, as to repetition, a witness for the plaintiff testified in direct examination to two tire marks on and lengthwise with the roadway easterly of the overturned car. The longer mark was between the car and the shorter mark, and the witness volunteered the opinion that it was a mark of two automobile tires. In cross-examination the witness testified that the mark could not have been made by the defendant's car. In the general cross-examination of the plaintiff's witnesses, the defence of the decedent's fault was in some measure developed. But the defendant could not thereby require the plaintiff to consider the issue as fully presented, and until the defendant through his own witnesses produced his additional evidence on the issue, the plaintiff had the right to defer evidence to meet the issue. The evidence excluded was to the effect that the mark nearer the car was probably that of the motorcycle, and it tended to contradict the testimony of certain eye witnesses of the accident who testified for the defendant, as well as to refute the claim that it was a mark of automobile tires. It was erroneously excluded.

*New trial.*

All concurred.